IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1-21-CV-180

| | | |
|---|---|---|
| BEVERLY CLEMMER, | ) | **NOTICE OF REMOVAL** |
| | ) | |
| Plaintiff, | ) | Formerly 21 CVD 1092 |
| | ) | Henderson County |
| v. | ) | General Court of Justice, |
| | ) | District Court Division |
| | ) | |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America on behalf of the named Defendant, the Secretary of the Department of Health and Human Services ("HHS"), by and through William T. Stetzer, Acting United States Attorney for the Western District of North Carolina, and pursuant to 28 U.S.C. §§ 1331, 1441, 1442(a) and 1446, and hereby removes to the United States District Court for the Western District of North Carolina—Asheville Division the action styled *Beverly Clemmer v. Secretary of Health and Human Services,* 21 CVD 1092, which was filed in the General Court of Justice, District Court Division of Henderson County, North Carolina.

1

In accordance with 28 U.S.C. § 1446(a), the United States provides the following short and plain statement of the grounds for removal:

1. On June 14, 2021, Plaintiff commenced this action by filing a Complaint in the General Court of Justice, District Court Division of Henderson County, North Carolina. (Attached hereto as Exhibit 1).

2. On June 24, 2021, the United States Attorney's Office for the Western District of North Carolina received notification of the pending action from HHS.

3. Removal is proper pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."

4. Because the action was filed in the General Court of Justice, District Court Division of Henderson County, North Carolina, removal to the United States District Court for the Western District of North Carolina—Asheville Division is proper.

5. There are multiple grounds that support removal of this action, including 28 U.S.C. §§ 1331 and 1442(a)(1). Plaintiff has named a federal agency as a defendant, thereby supporting removal pursuant to 28 U.S.C. § 1442(a)(1).

Additionally, this action implicates questions of federal law. Although the Complaint is not a model of clarity, it is apparent that Plaintiff seeks to challenge a decision by the Medicare Appeals Council denying Medicare coverage of a power seat elevation system furnished to Plaintiff. Under 28 U.S.C. §§ 1441(a), the Defendant may remove this action because the Complaint seeks review of Medicare's payment decisions, which are governed by 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1395ff(b)(1)(A) (making § 405(g) of the Social Security Act applicable to Medicare decisions); 42 C.F.R. § 405.1130. Medicare is a federal health insurance program for the aged and disabled. 42 U.S.C. §§ 1395, *et seq*. Because this case is filed against a federal entity and involves a federal program, the district court would have original jurisdiction over this action.

6. Removal is also timely. HHS received a copy of the Summons and Complaint by certified mail on June 21, 2021, and on June 24, 2021, the United States Attorney's Office for the Western District of North Carolina received notification of the pending action from HHS. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (holding that defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal

3

service).

7. The undersigned's limited appearance in this case should not be construed as a waiver of service. By filing this Notice of Removal, the United States does not waive its right to file a responsive pleading including a motion to dismiss, or to assert any defenses or objections including insufficiency of service or service of process, sovereign immunity, lack of subject-matter jurisdiction, statute of limitations, or other defenses, including those enumerated in Rule 12(b) of the Federal Rules of Civil Procedure. *See King v. United Way of Central Carolinas, Inc.*, No. 3:09-cv-164-MDR, 2009 WL 2426303, at *3 (W.D.N.C. Aug. 5, 2009) (holding that a defendant may remove an action prior to perfection of service of process, noting "the fact that this time period had not yet begun to run does not prohibit the defendant from exercising his right to remove.").

8. Indeed, it does not appear that service of process has been perfected on the federal government in this case. Rule 4(i)(1) of the Federal Rules of Civil Procedure sets forth the procedure for effecting service of process on the United States, and provides that service of process upon the United States is made by taking the following steps:

> . . . deliver[ing] a copy of the summons and complaint to
> the United States attorney for the district where the action
> is brought … or [by] send[ing] a copy of each by registered

> or certified mail to the civil-process clerk at the United States attorney's office; [and]
>
> …
>
> send[ing] a copy of each [summons and complaint] by registered or certified mail to the Attorney General of the United States . . .

Fed. R. Civ. P. 4(i)(1)(A)-(B). And to serve a United States agency or corporation, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).

9. Plaintiff sent a copy of the summons and Complaint by certified mail to HHS. However, the undersigned has not received any information indicating that the Attorney General of the United States or the United States Attorney's Office for the Western District of North Carolina has been properly served.

10. A copy of this Notice of Removal will be promptly filed in case file number 21 CVD 1092 in the General Court of Justice, District Court Division of Henderson County, North Carolina, and notice will be provided to Plaintiff via U.S. Mail at the address she provided in her state court pleadings.

**WHEREFORE**, this action previously pending in the District Court Division of Henderson County, North Carolina and styled as *Beverly Clemmer v. Secretary of Health and Human Services,* 21 CVD 1092, is hereby removed to the United

5

Case 1:21-cv-00180-MR-WCM    Document 1    Filed 07/15/21    Page 5 of 7

States District Court for the Western District of North Carolina.

This the 15th day of July, 2021.

        WILLIAM T. STETZER
        ACTING UNITED STATES ATTORNEY

        **s/Jonathan D. Letzring**
        JONATHAN D. LETZRING
        Assistant United States Attorney
        Georgia Bar No. 141651
        Room 233, U.S. Courthouse
        100 Otis Street
        Asheville, North Carolina 28801
        Tel: (828) 271-4661
        Fax: (828) 271-4327
        Email: Jonathan.letzring@usdoj.gov

## CERTIFICATE OF SERVICE

I CERTIFY that on the 15th day of July, 2021, the foregoing Notice of Removal, including all exhibits thereto, was electronically filed with the Clerk of the Court using the CM/ECF system and served on the Plaintiff by mailing a copy thereof, first class mail, postage prepaid, and properly addressed to:

Beverly Clemmer
124 Tradition Way
Hendersonville, NC 28791

WILLIAM T. STETZER
ACTING UNITED STATES ATTORNEY

**s/Jonathan D. Letzring**
JONATHAN D. LETZRING
Assistant United States Attorney
Georgia Bar No. 141651
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Tel: (828) 271-4661
Fax: (828) 271-4327
Email: Jonathan.letzring@usdoj.gov

7