| | |
|---|---|
| BEVERLY CLEMMER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SECRETARY OF HEALTH AND )<br>HUMAN SERVICES, )<br>)<br>Defendant. )<br>_____ ) | MEMORANDUM AND<br>RECOMMENDATION |

This matter is before the court on a Motion to Dismiss Complaint (the "Motion to Dismiss," Doc. 4) filed by the United States, on behalf of the Secretary of the Department of Health and Human Services ("Defendant"), which has been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

I. Relevant Background

A. Materials Considered

To the Motion to Dismiss, Defendant has attached a decision of the Medicare Appeals Council (the "Council") and cover letter dated April 14, 2021. Doc. 5-1.

To her response in opposition, Plaintiff has attached numerous exhibits including an additional copy of the Council's decision and cover letter (Doc. 6-

1

1), a notice of decision dated December 1, 2020 (Doc. 6-2), and other correspondence concerning her underlying case (Docs. 6-3, 6-4).

To the extent these documents constitute official public records, are central to Plaintiff's claims, are sufficiently referred to by Plaintiff's Complaint, and/or are not challenged on authenticity grounds, they may be considered at this stage of the proceedings. See Witthohn v. Fed. Ins. Co., 164 Fed. Appx. 395, 396 (4th Cir. 2006); see also Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) ("Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity") (internal quotation marks omitted) (alterations in original).

### B. Plaintiff's Allegations

Plaintiff's Complaint[1] and the other items of record appropriately considered indicate as follows:

---

[1] Plaintiff's Complaint appears as an attachment to Defendant's Notice of Removal. Doc. 1-1. Plaintiff has also attached a copy of the Complaint to her opposition to the Motion to Dismiss. Doc. 6-5. This document appears to be a duplicate copy of Document 1-1, except that it includes two additional pages setting forth a "Prayer for Relief" and a "Statement of Verification." Doc. 6-5 at 8-9.

2

On July 31, 2019, a supplier of durable medical equipment furnished Beverly Clemmer ("Plaintiff") with a power wheelchair and accessories, including a power seat elevation system.[2] The supplier made a claim for reimbursement under Medicare, and that claim was denied as to the power seat elevation system.

On December 1, 2020, an Administrate Law Judge ("ALJ") allowed the claim for reimbursement and issued a "fully favorable" decision. Doc. 1-1 at ¶ 5; Doc. 6-5 at ¶ 8.[3]

A letter dated January 20, 2021 indicates that the ALJ's decision was thereafter referred to the Council for possible review on the Council's own motion. Doc. 1-1 at ¶ 9; Doc. 6-5 at ¶ 9.

On April 14, 2021, the Council determined that Medicare did not cover the power seat elevation system and reversed the ALJ's decision. Doc. 6-1. The cover letter to the April 14 decision advised as follows:[4]

> If you desire court review of the Council's decision and the amount in controversy is $1,760 or more, you may commence a civil action by filing a complaint in the United States District Court for the judicial district in

---

[2] Plaintiff states that she suffers from Multiple Sclerosis ("MS") and only retains the ability to move her right arm and head. Doc. 8 at 2.

[3] A copy of a cover letter enclosing the December 1, 2020 decision is attached to Plaintiff's response, see Doc. 6-2, but a copy of the decision itself does not appear in the record.

[4] The record indicates that Diana Hayes also received a copy of the April 14 decision. Doc. 5-1. Ms. Hayes is referred to as Plaintiff's "Representative and Preparer." Doc. 8 at 2.

> which you reside or have your principal place of business. *See* § 1869(b) of the Social Security Act, 42 U.S.C. § 1395ff(b). The complaint must be filed within 60 days after the date this letter is received. 42 C.F.R. § 405.1130. It will be presumed that this letter is received within five days after the date shown above unless a reasonable showing to the contrary is made. 42 C.F.R. § 405.1136(c)(2).
>
> \*\*\*
>
> If a civil action is commenced, the complaint should name the Secretary of Health and Human Services as the defendant and should include the Council's docket number and ALJ appeal number shown at the top of this notice. 42 C.F.R. § 405.1136(d). The Secretary must be served by sending a copy of the summons and complaint by registered or certified mail to the General Counsel, Department of Health and Human Services, 200 Independence Ave., S.W., Washington, DC 20201. In addition, you must serve the United States Attorney for the district in which you file your complaint and the Attorney General of the United States. *See* rules 4(c) and (i) of the Federal Rules of Civil Procedure and 45 C.F.R. § 4.1.

Doc. 5-1 at 1-2; 6-1 at 1, 4.

On June 14, 2021, Plaintiff, proceeding *pro se*, filed a Complaint in the District Court Division of the General Court of Justice for Henderson County, North Carolina. Doc. 1-1. In her Complaint, Plaintiff seeks payment for the power seat elevation system and alleges damages in the amount of $3,050.00. Doc. 1-1 at 8; Doc. 6-5 at 7, 8. Consequently, the undersigned interprets Plaintiff's Complaint as being a challenge to the Council's denial of her claim for Medicare coverage for the power seat elevation system. Doc. 6-5 at 7.

On July 15, 2021, Defendant removed the matter to this court, citing both 28 U.S.C. §§ 1441 and 1442. Doc. 1.

On September 24, 2021, Defendant filed the Motion to Dismiss and a supporting memorandum. Docs. 4, 5. Plaintiff responded, and Defendant replied. Docs. 6, 7.

Plaintiff also filed a separate "Reply Brief in Objection to Defendant's Motion to Dismiss Complaint" (Doc. 8), which the undersigned construes as a sur-reply in opposition to the Motion to Dismiss.[5] Sur-replies are not allowed under the Local Rules of this district without leave of court. LCvR 7.1(e). However, in light of Plaintiff's *pro se* status, the undersigned has considered all of Plaintiff's filings.

## II. Legal Standards

### A. Rule 12(b)(1)

A motion to dismiss made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure addresses whether the court has subject-matter jurisdiction to hear the dispute. See Fed. R. Civ. P. 12(b)(1). A dismissal for lack of subject matter jurisdiction should be without prejudice, since in such a context the court is unable to reach the merits of the case. See e.g., Beazer E., Inc. v. U.S. Navy, 111 F.3d 129, 134 (4th Cir. 1997) (unpubl.).

---

[5] Document 9 is also Plaintiff's "Reply Brief in Objection to Defendant's Motion to Dismiss Complaint" and appears to be a duplicate copy of Plaintiff's sur-reply.

5

### B. Rule 12(b)(6)

When considering a motion made pursuant to Rule 12(b)(6), the court, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff, determines "whether the complaint on its face states plausible claims upon which relief can be granted." Francis v. Giacomelli, 588 F.3d 186, 189, 192 (4th Cir. 2009); accord Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009).

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

6

### C. Rule 12(b)(5)

A motion to dismiss pursuant to Rule 12(b)(5) challenges the sufficiency of the service of process. "Under [this rule], 'the plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4.'" McDaniel v. Greyhound Lines, Inc., No. 3:08-cv-130-FDW, 2008 WL 2704774, at *4 (W.D.N.C. July 7, 2008) (quoting Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003). Even though, "[w]hen there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process," Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984), "'the rules are there to be followed, and plain requirements for the means of effective service of process may not be ignored.'" Spinks v. Cohen, No. 1:19-cv-522, 2020 WL 1676919, at *2 (M.D.N.C. Apr. 2, 2020) (quoting Armco, 733 F.2d at 1089).

## III. Discussion

Defendant moves to dismiss the Complaint pursuant to Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure as untimely, and, alternatively, pursuant to Rule 12(b)(5) for failure to serve Defendant properly.[6]

---

[6] Defendant's Reply also argues that Plaintiff's response was untimely under Local Rule 7.1(e). The undersigned, however, has considered Plaintiff's filing.

### A. Subject Matter Jurisdiction

Although Defendant has moved to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant contends that the issue of whether Plaintiff timely filed her Complaint is more appropriately considered pursuant to Rule 12(b)(6). See Doc. 5 at 2, n. 1.

Nonetheless, courts have an independent obligation to evaluate whether subject matter jurisdiction exists. Wye Oak Tech., Inc. v. Republic of Iraq, 666 F.3d 205, 218 (4th Cir. 2011). In that regard, pursuant to 42 U.S.C. 405(g), this court has exclusive subject matter jurisdiction over Plaintiff's claim seeking judicial review of the Council's decision. See 42 U.S.C. 405(g) (incorporated by the Medicare Act, 42 U.S.C. § 1395w-22(g)(5)); 42 U.S.C. § 405(h); Shalala v. Ill. Council for Long Term Care, Inc., 529 U.S. 1, 8-9 (2000); Heckler v. Ringer, 466 U.S. 602, 614-15 (1984) (stating that § 405(h) provides that § 405(g) is the sole avenue for judicial review for "claim[s] arising under" the Medicare Act); see also Berman v. Abington Radiology Associates, Inc., No. CIV. A. 97-3208, 1997 WL 534804, at *3 (E.D. Pa. Aug. 14, 1997) (claims "'arising under' Medicare Act must be brought exclusively under 42 U.S.C. § 405(g)" ); Scallop Shell Nursing & Rehabilitation v. Gaffett, No. CA 13–471 ML, 2013 WL 5592736, at *6 (D. R.I. Oct. 10, 2013) ("the Rhode Island state court lacked jurisdiction to address a Medicare claim against HHS"); Spangler v. Centers for Medicare & Medicaid Services, No. 1:18-cv-01297, 2019 WL 4194276, at *5

(M.D. Pa. Sep. 4, 2019) ("An enrollee in a Medicare plan…who obtains an unfavorable final decision from the Secretary of Health and Human Services is 'entitled to judicial review … as provided in [42 U.S.C.] section 405(g).'") (citing 42 U.S.C. § 1395w-22(g)(5)).

### B. Timeliness of the Complaint

42 U.S.C. § 405(g) provides that a civil action seeking judicial review of a final decision by the Social Security Administration must be "commenced within sixty days after the mailing…of notice of such decision or within such further time as the [agency] may allow," and that "[s]uch action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business." 42 U.S.C. § 405(g). This sixty-day period also applies to civil actions seeking judicial review of a final decision by the Medicare Appeals Council. See 42 U.S.C. § 1395w-22(g)(5)); see also 42 C.F.R. § 405.1130.

Here, the Council's decision was issued on April 14, 2021. Doc. 5-1. The Notice informed Plaintiff that she would be considered to have received the decision after five days (i.e., by April 19, 2021), and that she was required to file her Complaint in a United States District Court sixty days thereafter (i.e., by June 18, 2021). Id.

Plaintiff filed her Complaint on June 14, 2021, within the required time period. However, the Complaint was filed in state court and Defendant argues

9

Case 1:21-cv-00180-MR-WCM    Document 10    Filed 04/27/22    Page 9 of 20

that "Plaintiff's commencement of an action in state court—a court without competent jurisdiction to hear her challenge to the denial of Medicare benefits—did not toll the sixty-day statute of limitations." Doc. 5 at 7. In other words, Defendant contends that Plaintiff's claim is time-barred because Plaintiff failed to file both within the required time and in the proper venue. Id.

Defendant has not cited, and the undersigned has not found, authorities that address the precise scenario presented here – the timeliness of a complaint that challenges a final Social Security or Medicaid decision where such complaint was filed in state court within the time period set out in § 405(g) and thereafter removed to federal court outside the limitations period.

In some circumstances, the date on which a state court complaint was filed has been deemed to be the date on which the action was commenced. See Manufacturers Hanover Trust Co. v. Palmer Corp., 798 F.Supp.161, 166 (S.D.N.Y. 1992) (collecting "ample authority" for the proposition that the date of state court filing, rather than the date of removal, controlled for purposes of the "first filed" rule); Staple v. United States, 740 F.2d 766, 769-70 (9th Cir. 1984) (looking to the original date of filing in state court for purposes of the running of a statute of limitations); see also 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3738 at 556–57 (1985) ("After removal, a federal court acquires full and exclusive jurisdiction over the litigation. The

removed case proceeds according to the Federal Rules of Civil Procedure <u>and is treated as though it had been commenced originally in the federal court</u>") (footnotes omitted) (emphasis added).

Federal courts have elected to transfer, rather than dismiss, Social Security appeals that have been filed in the wrong federal district when dismissal would result in the plaintiff's claim being barred by the statute of limitations in § 405(g). <u>Dove v. Commissioner, Social Security</u>, No. MJG-17-2831, 2018 WL 398283, at *2 (D. Md. Jan. 12, 2018), *report and recommendation adopted*, 2018 WL 5043753 (D. Md. Jan. 31, 2018) (transferring plaintiff's social security appeal to a court of proper venue in accordance with § 405(g) because "dismissal would preclude Plaintiff from refiling her claim, [and] the interest of justice requires that this Court transfer Plaintiff's case to 'any district or division in which it could have been brought'") (quoting 28 U.S.C. § 1406(a)); <u>Winstead v. Saul</u>, 3:19-cv-184-RJC, 2019 WL 3665511 (W.D.N.C. Aug. 6, 2019) (granting motion to transfer venue to proper federal district court).

Other courts have dismissed Social Security appeals as time barred when the claimant failed to file in any federal district court within the limitations period. See <u>Jackson v. Astrue</u>, 506 F.3d 1349 (11th Cir. 2007) (affirming dismissal of federal action where claimant filed a *pro se* complaint challenging the denial of her claim for supplemental security income in state

11

Case 1:21-cv-00180-MR-WCM Document 10 Filed 04/27/22 Page 11 of 20

circuit court, state circuit court thereafter dismissed for lack of jurisdiction, and plaintiff filed a new complaint in federal district court after expiration of the sixty-day period); Thompson v. Commissioner of Social Security Administration, 919 F.3d 1033, 1036 (8th Cir. 2019) (affirming dismissal of complaint challenging Social Security decision where plaintiff failed to file within the sixty-day period and instead sent correspondence to the agency).

The Fourth Circuit, however, has addressed a similar situation in the context of a claim made pursuant to the National Flood Insurance Act ("NFIA").[7] In Woodson v. Allstate Insurance Company, 855 F.3d 628, 634 (4th Cir. 2017), the defendant insurance carrier denied a claim for flood-related damages under a Standard Flood Insurance Policy ("SFIP") that had been issued pursuant to the NFIA. The plaintiffs filed suit in state court within the applicable one-year statute of limitations following the denial; the defendant later removed the case after the limitations period had expired.

On appeal after a bench trial and the entry of judgment in favor of the plaintiffs, the defendant argued that because the complaint was not filed in a federal court within one year of the denial of coverage, the plaintiff's' claim for breach of contract was time-barred. In response, the plaintiffs argued that the

---

[7] Federal courts have exclusive subject matter jurisdiction over such claims. See 42 U.S.C. § 4072; 44 C.F.R. § 62.22(a).

limitations period of the NFIA should be tolled by their state court filing, which occurred within one year of the denial.

The Woodson court disagreed and explained:

> This argument, however, is foreclosed by our decision in *Shofer v. Hack Co.*, 970 F.2d 1316 (4th Cir. 1992). In *Shofer*, the plaintiff timely filed an ERISA claim in Maryland state court, which dismissed the claim because jurisdiction for the claim lay exclusively in federal court. The plaintiff then filed his claim in federal court, but after the limitations period had run. In response to the defendant's motion for summary judgment based on limitations, the plaintiff asserted that his timely filed state action "should equitably toll the running of the statute of limitations under federal tolling principles." *Id.* at 1318. We rejected that argument, holding that "[t]he commencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will not toll the statute of limitations." *Id.* at 1319. Likewise, in this case, the Woodsons' argument that their filing in North Carolina state court, one that because of the [National Flood Insurance Act] clearly lacked jurisdiction, should equitably toll the federal one-year statute of limitations must be rejected. The Woodsons' filing in state court was no more meaningful than the similar state court filing in *Shofer*. And because the state court lacked jurisdiction, the fact that the action was subsequently removed to federal court, rather than dismissed has no impact on the running of the statute of limitations. *See Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 946 (4th Cir. 2002).

855 F.3d at 634.

Here, in accordance with Woodson and Shofer, as Plaintiff likewise filed in a court that clearly lacked jurisdiction, such filing did not toll the statute of

13

limitations, even though the case was subsequently removed to this court. See also Gunvordahl v. Selective Insurance Company of the Southeast, 3:20-CV-03015-RAL, 2020 WL 6914607, at *4 (D. S.D. Nov. 24, 2020) ("while Gunvordahl filed a state court suit within the correct time frame, his failure to bring his lawsuit in the correct court within the one-year limitation period bars his claim. This result may seem harsh when a *pro se* litigant files in the wrong court within the time limit, but the same rules apply to a *pro se* litigant as to a represented party") (citing Woodson); James v. Auto Owners Insurance Co., No. CV498–182, 1998 WL 914241, at *1 (S.D. Ga. Dec. 10, 1998) (filing in state court was analogous to filing in the plaintiff's "kitchen drawer" and therefore complaint challenging payments pursuant to the SFIP was untimely even though defendant had removed the state court suit to federal district court).

Therefore, this matter should be dismissed as untimely unless the doctrine of equitable tolling applies.[8]

---

[8] Courts generally consider § 405(g)'s statute of limitations and venue requirements to be waivable, not jurisdictional. See Hope v. Department of Health and Human Services, 3:20-CV-68-RJC-DSC, 2020 WL 2527032, at *4 (W.D.N.C. May 18, 2020) ("The second and third of those requirements specify, respectively, a statute of limitations and appropriate venue, and are waivable by the parties") (citing Weinberger v. Salfi, 422 U.S. 749, 763-64 (1975)); Peeler v. Colvin, 3:16-cv-545-MOC-DLH, 2017 WL 64747, *2 (W.D.N.C. Jan. 5, 2017) ("This [60-day filing] requirement is not jurisdictional, but constitutes a period of limitations which can be waived or enlarged by the Commissioner") (citing Bowen v. City of New York, 476 U.S. 467 (1986)); Hall v. Colvin, No. 3:16cv122, 2016 WL 5388954, at *1 (W.D.N.C. Aug. 30, 2016), *report and recommendation adopted*, 2016 WL 5349463 (W.D.N.C. Sept. 23, 2016) (citing Bowen, 476 U.S. at 478; Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986)).

### C. Equitable Tolling

"Equitable tolling applies only in 'those rare instances where—due to circumstances external to the [Plaintiffs'] own conduct—it would be unconscionable to enforce the limitation against the [Plaintiffs].'" Land v. Green Tree Servicing, LLC, 140 F.Supp.3d 539, 547 (D.S.C. 2015) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (alternations in Land). The doctrine of equitable tolling has been applied when a plaintiff was prevented from asserting his or her claims by a defendant's wrongful conduct or when extraordinary circumstances beyond a plaintiff's control made it impossible for the plaintiff to file his or her claims on time. Harris, 209 F.3d at 330.

In response to the Motion to Dismiss, Plaintiff asserts that equitable tolling should be applied. Doc. 8 at 2. Plaintiff points out that both she and her non-attorney representative have MS and are physically impaired. Doc. 8 at 2. Plaintiff also appears to contend that equitable tolling should apply due to her belief that she had filed in an appropriate venue. In that connection, Plaintiff states that the state court clerk allowed her to file her Complaint, and that she was told the next step in the process was for her to wait to hear from Defendant. See Doc. 6 at 2; see also Doc. 6 at 3 ("At the time of filing, the people in the courthouse were confused. If we were told, we were at the wrong

15

Courthouse, we could still meet the deadline and be at the correct Courthouse").

The undersigned is not persuaded, however, that such circumstances require the application of equitable tolling here.

Plaintiff does not contend that she was unable to understand the filing instructions contained in the Council's April 14, 2021 letter or that her physical impairments otherwise made it impossible for her to file a claim. To the contrary, Plaintiff was able to file suit in a timely manner in state court and she has actively participated in this matter following its removal. See Hall v. Colvin, 2016 WL 5388954 at *1 (recommending dismissal of plaintiff's untimely social security appeal and reasoning that the notice from the agency clearly informed plaintiff of the manner in which he was to file a civil action, "including that the action should be filed in the United States District Court for the judicial district in which he lived," and that "[a]ny failure to timely file a complaint in this Court is the result of Plaintiff's own lack of diligence, not some circumstance beyond his control"); Thompson v. Commissioner of Social Security Administration, 919 F.3d 1033, 1036 (8th Cir. 2019) (rejecting argument that plaintiff's mental incapacity was grounds for equitable tolling where plaintiff had sent an appeal, "albeit to the wrong address" within the deadline and noting that plaintiff's "failure to file his appeal in the district court despite clear, repeated instructions that he should do so 'is at best a

garden variety claim of excusable neglect' for which equitable tolling is unavailable").

Further, Plaintiff has not argued, and the record does not indicate, that Defendant prevented Plaintiff from filing her case within the necessary time period and in the correct venue. See Withers v. BMW of North America, LLC, No. 3:20-CV-00034-GCM, ---F.Supp.3d---, 2021 WL 4204332, at *7 (W.D.N.C. Sept. 15, 2021) ("The doctrine of equitable tolling 'applies where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.' To invoke equitable tolling, the plaintiff must show that 'the defendant attempted to mislead him and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge'") (quoting English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987)); see also Jackson v. Astrue, 506 F.3d 1349, 1356 (11th Cir. 2007) (rejecting plaintiff's arguments that equitable tolling applied due to her "limited linguistic and legal experience" or because the state court clerk had "misled" her by "by processing her case without objection, thereby giving her the impression that she had filed her claim in a court of competent jurisdiction when in fact she had not").

Consequently, the undersigned will recommend that the Motion to Dismiss be allowed.

### D. Service

Defendant also argues that Plaintiff failed to comply with Rule 4(i) of the Federal Rules of Civil Procedure because she only served the Department of Health and Human Services and has not properly served the United States. Doc. 5 at 8-9.

"If the plaintiff fails to effect service in the manner prescribed by the rules within [90 days after filing the complaint], the court must either dismiss the action or grant an extension, ordering that service be made within a specified time." Spinks v. Cohen, 2020 WL 1676919, at *2 (M.D.N.C. Apr. 2, 2020) (citation omitted). Rule 4(m) allows the court to extend a plaintiff's time for proper service for good cause shown. "Generally, for purposes of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiffs." Attkisson v. Holder, 925 F.3d 606, 627 (4th Cir. 2019).

*Pro se* plaintiffs can be allowed "a chance to remedy technical insufficiencies in service of process." Thomas v. Nelms, No. 1:09-CV-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013).

In this case, Plaintiff has filed certified mail receipts showing that she has made some attempts at service. See Doc. 6-6 – 6-8; Doc. 6 at 2.[9] Considering

---

[9] In her response, Plaintiff asserts that she served "SHHS, the Henderson County Attorney General, and the United States Attorney General in Washington DC." Doc. 6 at 2. Certified mail receipts indicate that Plaintiff sent mailings on June 14, 2021 to "USD of Justice," "Secretary H/H," and "DA Hend Co." Doc. 6-6.

18

these efforts, and in the event the District Court does not accept the undersigned's recommendation described above regarding the Motion to Dismiss, the undersigned recommends, in the alternative, allowing Plaintiff additional reasonable time to cure any insufficiencies with respect to service.

### IV. Recommendation

For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Dismiss Complaint (Doc. 4) be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED**.

Signed: April 27, 2022

W. Carleton Metcalf
United States Magistrate Judge

### Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).