IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00180-MR-WCM

| | |
|---|---|
| BEVERLY CLEMMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 4]; the Magistrate Judge's Memorandum and Recommendation [Doc. 10] regarding the disposition of that motion; and the *pro se* Plaintiff's "Reply Brief in Objection to Defendant's Motion to Dismiss Complaint" [Doc. 11].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's motion and to submit a recommendation for its disposition. On April 27, 2022, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the

Defendant's motion be granted. [Doc. 10]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Id.]. The Plaintiff timely filed her Objections on May 16, 2022.[1] [Doc. 11]. The Defendants filed a Reply to the Plaintiff's Objections on May 27, 2022. [Doc. 12]. This matter is now ripe for disposition.

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally,

---

[1] The docket reflects that the Memorandum and Recommendation was placed in the mail on April 28, 2022. With three days added for mailing, see Fed. R. Civ. P. 6(d), the Plaintiff's Objections were due on May 15, 2022. However, because that was a Sunday, her objections were due no later than Monday, May 16, 2022. See Fed. R. Civ. P. 6(a)(1)(C). As such, the Plaintiff's Objections were timely filed.

2

Case 1:21-cv-00180-MR-WCM   Document 13   Filed 06/09/22   Page 2 of 4

the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

In her Objections, the Plaintiff does not identify any specific error in the Magistrate Judge's proposed conclusions of law. Rather, the Plaintiff simply restates the allegations made in her Complaint and asserts arguments in opposition to the Defendant's Motion to Dismiss. These kinds of objections do not warrant a *de novo* review of the Magistrate Judge's reasoning. Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Even if de novo review were appropriate, however, the result would be the same.

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed factual findings are

correct and his proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Defendant's Motion to Dismiss should be granted, and that the Plaintiff's Complaint should be dismissed as untimely pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Accordingly, **IT IS, THEREFORE, ORDERED** that the *pro se* Plaintiff's "Reply Brief in Objection to Defendant's Motion to Dismiss Complaint" [Doc. 11], which is construed as Objections to the Memorandum and Recommendation, is **OVERRULED**, and the recommendation of the Magistrate Judge [Doc. 10] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 4] is **GRANTED**, and the Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** as untimely.

The Clerk of Court is respectfully instructed to close this civil action.

**IT IS SO ORDERED.**

Signed: June 9, 2022

Martin Reidinger
Chief United States District Judge